**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
CHARLOTTE **DIVISION**
**CIVIL ACTION NO.** 3:12-CR-00239-GCM

| | |
|---|---|
| USA, | ) |
|       **Plaintiffs,** | ) |
| v. | )   **ORDER** |
| LORIE DOOLEY, | ) |
|       **Defendant.** | ) |

**THIS MATTER** is before the Court on Defendant Lorie Dooley's *pro se* Motion to Reconsider Sentence. (Doc. No. 1200)

Defendant pleaded guilty to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), pursuant to a written plea agreement, on January 13, 2014. (Doc. No. 453) On January 21, 2015, this Court sentenced Defendant to a 46-month term of imprisonment, followed by three years of supervised release. (Doc. No. 843) Judgement was issued on January 26, 2015. (Doc. No. 843) In the instant Motion, filed on January 1, 2016, Defendant asks the Court to reduce her sentence for three reasons: (1) the prosecutor indicated that she was personally responsible for only $23,000 of the loss amount in this case; (2) she was not required to pay restitution because the government did not identify any victims; and (3) she was referred to by the prosecutor as "not a big fish" and is "very remorseful for her actions." *Id.*

Defendant has not alleged any statutory basis for relief; however, a person in custody may move the Court to vacate a sentence imposed in violation of the Constitution or laws of the United States under 28 U.S.C. § 2255. The Court is required to allow a defendant the opportunity to express her intent in regard to her motion, that is, whether she intended to file

1

under § 2255. *Castro v. United States*, 540 U.S. 375, 383 (2003); *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008). In making these determinations, the defendant should be aware that the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that § 2255 motions have a one-year limitation period.[1] She should be further aware that second or successive motions under § 2255 generally are prohibited. 28 U.S.C. § 2255. Therefore, a second or successive motion would have to be certified by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244. Certification for second or successive motions to vacate rarely is granted.

---

[1] Specifically, the Act provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because Judgment was entered on January 26, 2015, it appears that a motion to vacate under § 2255 would be timely filed.

**IT IS, THEREFORE, ORDERED** that within twenty (20) days of the date of this Order, the defendant shall file a document:

1. stating whether or not she wants this Court to treat her Motion to Reconsider Sentence, (Doc. No. 1200) as a motion to vacate under § 2255; and

2. explaining why she believes the motion should be granted.

**IT IS FURTHER ORDERED** that if the defendant fails timely to respond, the Court will dismiss the motion without prejudice.

Signed: May 27, 2016

Graham C. Mullen
United States District Judge